IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHAMMAD ASHRAF** | : | |
| **MOHAMMAD OMAR,** | : | |
| Petitioner | : | |
| | : | No. 1:23-cv-01774 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN ARVIZA,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which pro se Petitioner Mohammad Ashraf Mohammad Omar ("Mohammad Omar") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the following reasons, the Court will deny the petition.

I.   BACKGROUND

Mohammad Omar is currently incarcerated by the United States Bureau of Prisons ("BOP") in Allenwood Federal Correctional Institution ("FCI-Allenwood"). He is serving a 240-month sentence imposed by the United States District Court for the Eastern District of Virginia for conspiracy to import and distribute heroin. (Doc. No. 9-1 at 3.)

Mohammad Omar filed the instant petition on October 18, 2023, and the Court received and docketed the petition on October 26, 2023. (Doc. No. 1.) Mohammad Omar asserts that the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.)

Respondent responded to the petition on January 3, 2024, arguing that the petition should be denied because Mohammad Omar failed to exhaust administrative remedies before filing it and because Mohammad Omar is subject to a final order of removal from the United States and

is thus ineligible to have earned time credits applied to his sentence under the FSA. (Doc. No. 9.) Respondent attaches documentation from the United States Department of Homeland Security ("DHS") showing that Mohammad Omar is subject to a final order of removal. See (Doc. 9-1 at 16). Mohammad Omar has not filed a reply brief and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for judicial resolution.

**II.    DISCUSSION**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." See Kurti v. White, No. 1:19-cv-02109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. See id. Moreover, eligible inmates who have been assessed at a

minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. See id. A prisoner is ineligible to have time credits applied toward prerelease custody or supervised release if he "is the subject of a final order of removal under any provision of the immigration laws." See 18 U.S.C. § 3632(d)(4)(E).

Respondent has presented evidence that Mohammad Omar is subject to a final order of removal from the United States. See (Doc. No. 9-1 at 16). Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E), the Court cannot grant Mohammad Omar the relief he seeks.[1] Hence, the Court must deny the petition for writ of habeas corpus.[2]

---

[1] Mohammad Omar argues that revoking his FSA earned time credits based on his final order of removal would violate the Ex Post Facto Clause of the United States Constitution. The Court finds this argument baseless. As the United States District Court for the District of New Jersey noted in rejecting an identical argument, "the same statute which granted [the petitioner] the ability to earn the credits is the same enactment which denies him the ability to apply them to his release, and Petitioner's entitlement to earn credits was thus from the beginning subject to the proviso that he would be unable to apply those credits if he were ever the subject of an order of removal." See Cazarez v. Warden, FCI Ft. Dix, No. 23-cv-04457, 2023 WL 5623035, *2 (D.N.J. Aug. 31, 2023). In other words, there is no Ex Post Facto violation because there has been no "change in the law or policy which has been given retrospective effect." See United States v. Siddons, 660 F.3d 699, 704 n.4 (3d Cir. 2011) (stating that "the Ex Post Facto Clause of the Constitution prohibits application of a law enacted after the date of the offense that inflicts a greater punishment than the law annexed to the crime when committed" and that "[t]he ex post facto inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change" (internal quotation marks and alterations omitted)).

[2] The Court does not reach the issue of whether Mohammad Omar exhausted administrative remedies. Because there is no statutory exhaustion requirement for Section 2241 habeas corpus petitions, the Court may deny the petition on its merits without reaching the issue of exhaustion. See Guerrero v. Recktenwald, 542 F. App'x 161, 163 (3d Cir. 2013) (unpublished).

### III.     CONCLUSION

For the foregoing reasons, the Court will deny Mohammad Omar's petition for writ of habeas corpus.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania